J-S45024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                                           :
          v.                        :
                                           :
                                         :
CHRISTOPHER LEE SIRMONS     : 
                                         :
          Appellant              :      No. 379 MDA 2018

Appeal from the PCRA Order January 29, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005197-2012

BEFORE: PANELLA, J., OTT, J., and PLATT*, J.

MEMORANDUM BY OTT, J.                 **FILED SEPTEMBER 07, 2018**

Christopher Lee Sirmons appeals, *pro se*, from the order entered January 29, 2018, in the Berks County Court of Common Pleas, dismissing his second petition filed under the Post-Conviction Relief Act ("PCRA"). Sirmons seeks relief from the April 22, 2013, judgment of sentence to serve a 4-to-10 year term of imprisonment, followed by a one year term of probation. Sirmons claims may be summarized as follows: "[T]he warrant was non-sufficient, unsworn falsification, and improper authority, to be seized, searched, or detained." Sirmons' Brief at 13 (unnumbered) ("Conclusion"). Based upon the following, we affirm.

> The background of this case has been set forth by the PCRA court:
>
> Following a jury trial held April 22, 2013, [Sirmons] was found guilty of possession with intent to deliver a controlled substance, possession of a controlled substance, and possession of drug paraphernalia. [Sirmons] was sentenced the same day to an

_____

* Retired Senior Judge assigned to the Superior Court.

aggregate term [of imprisonment] of not less than four (4) nor more than ten (10) years' incarceration, followed by one year of probation. [Sirmons] filed a post-sentence motion on May 3, 2013, which this Court denied on the same day. [Sirmons] subsequently filed an appeal, which the Superior Court denied on May 13, 2014.

[Sirmons] filed his first *pro se* petition on April 15, 2014. [Sirmons'] petition was initially dismissed as premature, due to his pending appeal before the Superior Court. The petition was reinstated upon the issuance of the Superior Court's opinion on May 13, 2014. We duly appointed PCRA counsel, who filed a no-merit letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

After an independent review of the record, we agreed with PCRA counsel that [Sirmons'] petition was meritless. Accordingly, we filed a notice of intention to dismiss [Sirmons'] PCRA petition on March 16, 2015. [Sirmons] filed no further communication with the Court and the matter was dismissed on April 20, 2015.

[Sirmons] filed the instant PCRA petition on December 19, 2017. After reviewing the petition, we found that [Sirmons'] instant PCRA petition is time barred and he is not entitled to post-conviction collateral relief, and that no purpose would be served by further proceedings. [Sirmons] filed an amended petition on January 24, 2018. Finding that the amended petition fails [to] demonstrate that an exception to the time bar is applicable, we dismissed [Sirmons'] PCRA petition on January 29, 2018.

[Sirmons] appealed our dismissal on February 27, 2018. After which, he filed a timely concise statement on March 12, 2018. …

PCRA Opinion, 3/23/2018, at 1-2.

We begin by noting that when reviewing an order dismissing a PCRA petition, we must determine whether the ruling of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they

- 2 -

have no support in the certified record. **Commonwealth v. Shiloh**, 170 A.3d 553, 556 (Pa. Super. 2017).

"As timeliness is separate and distinct from the merits of appellant's underlying claims, we first determine whether this PCRA petition was timely filed." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

> The PCRA timeliness requirement ... is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 2007 PA Super 282, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S. Ct. 2695 (2014).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, Sirmons' judgment of sentence became final 30 days after this Court's May 13, 2014 decision, on June 12, 2014, when the time period within which to file a petition for allowance of appeal to the Pennsylvania Supreme Court expired. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113. Pursuant to Section 9545(b)(1), Sirmons had one year from the date his judgment of sentence became final to file a PCRA petition. However, the instant petition was not

filed until December 19, 2017, approximately 3½ years later, making it patently untimely.

An untimely PCRA petition may, nevertheless, be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).  A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

Moreover, we are mindful that "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted).  We point out that Sirmons' brief is disjointed, rambling, and lacking in many respects.

The PCRA court found that "[Sirmons] alleges that illegal actions occurred during preliminary, pretrial, and trial stages of his proceedings. [Sirmons] does not explain why with due diligence he could not have

addressed these concerns [previously]. Therefore, none of the three exceptions provided by Section 9545(b)(1) are applicable to the instant petition." PCRA Court Opinion, 3/23/2018, at 3 (footnote omitted). We agree.

Based on our review, we are unable to detect any claim raised by Sirmons herein that implicates an exception to the PCRA's time bar. Accordingly, we find the PCRA court properly dismissed Sirmons' second PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2018